IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


GEORGIA-PACIFIC CONSUMER
PRODUCTS LP,                                                                                  PLAINTIFF

vs.                                             Civil No. 6:08-cv-06086

MYERS SUPPLY, INC                                                                    DEFENDANT


REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

On September 22, 2008, Plaintiff filed a Motion for Preliminary Injunction.  (Doc. No. 3).[1]

On October 31, 2008, Defendant filed a response to this Motion.  (Doc. No. 20).  This motion was

referred to this Court by the Honorable Robert T. Dawson pursuant to 28 U.S.C. § 636(b)(1).  (Doc.

No. 5).    On November 17, 2008, the Court conducted a hearing on Plaintiff's Motion for

Preliminary Injunction.  During this hearing, the Parties presented testimony and exhibits.  Pursuant

the Courts request, Plaintiff filed a post-hearing memorandum in support of the motion on November

24, 2008.  (Doc. No. 30).  Defendant filed a response on December 1, 2008.  (Doc. No. 33).  This

matter is now ready for decision.

1. **Background**

In October 2002, Georgia-Pacific (hereinafter "GP"), began distribution of the "enMotion"

paper towel dispenser.  (Doc. No. 4, Pg. 1).  This product is an automatic hands-free dispenser of

paper towels.  The dispensers were leased to authorized distributors, who in turn subleased the

dispensers to end use customers such as  restaurants, hospitals and office buildings.  (Doc. No. 4, Pg.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  References to testimony from the November 17, 2008, hearing are to transcript page and line and are referenced by the designation "Tr. Pg. ___ L. ___."

1

2).  As part of the leases, the end users agreed to use only GP manufactured towels in the dispensers.

Myers Supply, Inc. (hereinafter "Myers"), is a seller of janitorial products, including paper towels in the Hot Springs, Arkansas, area.  (Doc. No. 4, Pg. 2).  One such paper towel sold by Myers is the 810-B paper towel roll manufactured by the Von Drehle Company (hereinafter "Von Drehle").  The 810-B paper towel can be used in the "enMotion" paper towel dispenser manufactured by GP.  (Doc. No. 20, Pg. 2).   There is no contractual relationship between GP and Myers.

GP presented evidence at the hearing on this motion that two end use customers of "enMotion" paper towel dispensers were using the 810-B paper towel rolls manufactured by Von Drehle and sold by Myers.  GP claims use of these paper towel rolls is in violation of the lease agreement and violates GP's trademark rights.   The two Myers customers were Fountain Lake Schools District[2] and the Gospel Light Church.  (Tr. Pg. 102-105).  In the eighteen months that Myers has sold 810-B paper towel rolls, they have sold no more than a total of 150 cases.  (Tr. Pg. 118, L.17-21).  GP seeks a preliminary injunction which would bar Myers from selling the 810-B paper towel rolls manufactured by Von Drehle to end users who utilize GP's "en Motion" dispenser.

## 2. Applicable Law

Pursuant to Fed. R. Civ. P. 65, a federal district court is authorized to grant a preliminary injunction.  In order to determine whether a preliminary injunction should be granted, the court should consider the following four factors: (1) the threat of irreparable harm to the movant, (2) the balance between the alleged harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest.  *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

---

[2]According to hearing testimony, Fountain Lake School district is no longer using "enMotion" paper towel dispensers.

2

In balancing these four factors, no single factor is determinative. *See id.* However, the movant is *always* required to show the threat of irreparable harm in order to establish that he or she is entitled to a preliminary injunction. *See id.* at 14 n.9. The Eighth Circuit has held "the absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction." *Id. See Bacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (8th Cir. 1959) (holding that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies").

A party cannot establish that he or she suffers from the "threat of irreparable harm" and is entitled to injunctive relief where that party has an adequate remedy at law. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 300 (8th Cir. 1996). For example, a party does not suffer from the threat of irreparable harm and is not entitled to injunctive relief where that party can be compensated by damages and other legal relief if he or she ultimately prevails in the action. *See id.* Whether a party suffers from a threat of irreparable harm is a fact issue that the party seeking the preliminary injunction must prove. *See id. See Rittmiller v. Blex Oil, Inc.,* 624 F.2d 857, 862 (8th Cir. 1980). The determination of whether a party suffers from a threat of irreparable harm or whether that party is entitled to an injunction is within the sound discretion of the trial court judge. *See Rittmiller,* 624 F.2d at 862; *Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC,* 417 F.3d 953, 958 (8th Cir. 2005).

### 3. Discussion

GP argues that Myers's actions harm GP in two ways. First, by selling 810-B paper towel rolls manufactured by Von Drehle, Myers is depriving GP of the right to control the products used in its "enMotion" machines. Second, that Myers is misleading the public as to the source of the towels that are being dispensed through the "enMotion" machines. (Doc. No. 30, Pg. 4).

There was no evidence introduced at the hearing on November 17, 2008, to support the claim that Myers selling a competing paper towel roll deprived GP of the right to control the products used in its "enMotion" machines.  GP makes no claim that the 810-B paper towel roll manufactured by Van Drehel is in violation of any registered GP trademark.  (Tr. Pg. 12, L. 24).  Further, GP makes no claim that the "enMotion" paper towel roll is entitled to patent protection.  GP does not claim an exclusive right to manufacture and sell 10" paper towel rolls, like the 810-B paper towel roll.  (Tr. Pg. 56, L. 6-21).  Additionally, GP has no objection to Myers selling a 10" paper towel roll manufactured by Von Drehle. (Tr. Pg. 62, L. 19-25).  Finally, GP continues to maintain control over the "enMotion" machines based on the lease agreement it has with its distributors.  The evidence at the hearing indicated that GP can remove its "enMotion' machines from distributors and end users who refuse to use GP paper towel rolls in the machines.  (Tr. Pg. 47 L. 15 - Pg. 48 L. 6).

GP also claims Myers is misleading the public as to the source of the towels that are being dispensed through the "enMotion" machines.  In support of this argument, GP relies on a series of cases where "non-genuine" products were being sold, distributed, or packaged as "genuine" products, and in turn this created a fraud or confusion on the part of the consumer.  Putting non-Coca-Cola products in genuine Coca-Cola bottles constitutes counterfeiting. *United States v. Petrosian*, 126 F.3d 1232 (9th Cir. 1997).  Selling "unbranded" gasoline through pumps displaying an oil company's trademarks constitutes a trademark violation. *Mobil Oil Corp. v. Auto-Brite Car Wash*, 615 F. Supp. 628 (Dist. Ct. Mass. 1984); *Getty Petroleum Corp. v. Aris Getty, Inc.*, 55 F.3d 718 (1st Cir. 1995); *Shell Oil Company v. Commercial Petroleum, Inc.*, 928 F.2d 104 (4th Cir. 1991).  Selling non-genuine parts in General Electric boxes constitutes counterfeiting. *General Electric v. Speicher*, 877 F.2d 531 (7th Cir. 1989).  Substitution of off brand ice cream for ice cream sold under the Baskin Robbins trademark is a "fraud upon the consumer." *Krehl v. Baskin Robbins*

4

*Ice Cream Company*, 64 F.2d 1348 (9th Cir. 1982).

However, the facts presented in the instant case is not similar to any of the cases cited by GP. Here, Myers, the party GP has brought suit against, is not attempting to sell "non-genuine" GP paper towel rolls as "genuine" GP paper towels. GP does not allege this to be the case. In fact the uncontroverted evidence presented at the hearing established that the paper towel rolls sold by Myers and manufactured by Von Drehle clearly contain only Von Drehle markings. (Myers Ex. 4-6). Essentially, GP argues Myers is encouraging the end users to use Von Drehle 810-B paper towel rolls in GP's "enMotion" dispensers, this is a far different scenario than selling fake Coke in a legitimate Coke can.

GP also argues that this Court and the United States Court of Appeals for the Eight Circuit have established that the irreparable harm element is satisfied by a showing of a "tendency to deceive" in trademark infringement cases. *See Rotoworks International Limited v. Grassworks USA, LLC*, 504 F. Supp. 2d 453, 459 (W.D. 2007). However the facts of *Rotoworks* are not present here. In *Rotoworks*, the Plaintiff manufactured an agricultural implement machine named the "Rotowiper." The Defendant sold the Rotowiper, but also made a machine virtually identical to that of the Rotowiper. Defendant painted the device the same aqua color as the Rotowiper, and failed to label the product with anything other than a small label stating "manufactured exclusively for GrassWorks USA, Inc. LLC." There was no difference in price between the two competing units. Further, when a potential customer inquired about the Defendant's product line, the Defendant did not tell customers that they sold two brands of this type of machine.

In the instant case, there is no evidence of showing a tendency to deceive or evidence of confusion to end users by Myers. Merely selling the 810-B paper towel rolls manufactured by Von Drehle to end users is not evidence of a tendency to deceive. As previously mentioned, the paper

towels manufactured by Von Drehle clearly contain only Von Drehle markings. (Myers Ex. 4-6). Incidentally, a case of the Von Drehel paper towels costs less than those manufactured by GP. (Tr. Pg. 121, L. 9-11).[3]

At the evidentiary hearing, Ryan Myers, one of the owners of Defendant Myers, testified as to the number of the Von Drehle 810-B paper towels cases Myers had actually sold. (Tr. Pg. 118, L. 19-24). If Myers has any liability for its actions, any loss associated with its sale of Von Drehel paper towel rolls to an end user with an "enMotion" machine could easily be calculated. Further, Plaintiff clearly has an adequate legal remedy, namely a breach of contract action against those end users who have leased the "enMotion" machines and have violated the terms of the lease through use of "non-genuine" GP paper towels.

Plaintiff has the burden of establishing that they have no adequate remedy at law and are entitled to injunctive relief. *See Adam-Mellang v. Apartment Search,* 96 F. 3d 297,300 (8th Cir. 1996). Since Plaintiff has not established they suffer from a threat of irreparable harm, they have not met this burden and therefore, are not entitled to injunctive relief.

**4. Conclusion**

Based upon the pleadings, arguments of counsel and the testimony at the evidentiary hearing on November 17, 2008, this Court finds Plaintiff has not met its burden of establishing they suffer from the threat of irreparable harm nor that no adequate remedy at law exists. Therefore, Plaintiff has not met its burden of establishing they are entitled to injunctive relief pursuant to FED. R. CIV. P. 65. Accordingly, the undersigned recommends Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) be **DENIED.**

_____

[3]Ryan Myers, one of the owners of Defendant Myers, testified: "And that's, you know, one of the biggest reasons the Von Drehle paper is making it is because it's $40 a case less than Georgia Pacific paper." (Tr. Pg. 121, L. 8-10).

The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this **29th day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE