IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP,                                                                                PLAINTIFF

vs.                                    Civil No. 6:08-cv-06086

MYERS SUPPLY, INC                                                                    DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On October 30, 2008, Defendant filed a Motion to Dismiss For Failure to Join Necessary Party, or In The Alternative Motion to Stay Proceedings. (Doc. No. 18).[1] On November 7, 2008, Plaintiff filed a response to this Motion. (Doc. No. 24). This motion was referred to this Court by the Honorable Robert T. Dawson pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 23). On November 17, 2008, the Court conducted a hearing on Defendants's motion. During this hearing, the Parties presented testimony and exhibits. Pursuant the Courts request, Defendant filed a post-hearing memorandum in support of the motion on November 24, 2008. (Doc. No. 31).[2] Plaintiff filed a response on December 1, 2008. (Doc. No. 32). This matter is now ready for decision.

**1. Background**

In October 2002, Georgia-Pacific (hereinafter "GP"), began distribution of the "enMotion"

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." References to testimony from the November 17, 2008, hearing are to transcript page and line and are referenced by the designation "Tr. Pg. ___ L. ___."

[2] During the course of the hearing and in Defendant's Post-hearing Brief, Defendant's counsel advised that Defendant would not pursue the Motion to Dismiss. Accordingly, the Court will not discuss the Motion to Dismiss and will recommend the motion to dismiss be denied.

paper towel dispenser. (Doc. No. 4, Pg. 1). This product is an automatic hands-free dispenser of paper towels. The dispensers were leased to authorized distributors, who in turn subleased the dispensers to end use customers such as restaurants, hospitals and office buildings. (Doc. No. 4, Pg. 2). As part of the leases, the end users agreed to use only GP manufactured towels in the dispensers.

Myers Supply, Inc. (hereinafter "Myers"), is a seller of janitorial products, including paper towels in the Hot Springs, Arkansas, area. (Doc. No. 4, Pg. 2). One such paper towel sold by Myers is the 810-B paper towel roll manufactured by the Von Drehle Company (hereinafter "Von Drehle"). The 810-B paper towel can be used in the "enMotion" paper towel dispenser manufactured by GP. (Doc. No. 20, Pg. 2). There is no contractual relationship between GP and Myers.

GP presented evidence at the hearing on this motion that two end use customers of "enMotion" paper towel dispensers were using the 810-B paper towel rolls manufactured by Von Drehle and sold by Myers. GP claims use of these paper towel rolls is in violation of the lease agreement and violates GP's trademark rights. The two Myers customers were Fountain Lake Schools District[3] and the Gospel Light Church. (Tr. Pg. 102-105). In the eighteen months that Myers has sold 810-B paper towel rolls, they have sold no more than 150 cases of the paper towel rolls. (Tr. Pg. 118, L.17-21).

GP filed a complaint against Myers alleging false representations, trademark infringement, unfair competition, conversion, tortuous interference with contractual and business relationships, and deceptive trade practices. (Doc. No. 1). Meyers has filed a Motion to Stay Proceedings alleging GP is also a Plaintiff in a substantially related action in the United States District Court for the Eastern

---

[3]According to hearing testimony, Fountain Lake School district is no longer using "enMotion" paper towel dispensers.

2

District of North Carolina against Von Drehle, the actual manufacturer of the 810-B paper towel roll. This matter, filed on July 8, 2005, is styled *Georgia-Pacific Consumer Products, LP v. Von Drehle Corporation, et al*, 5:05-cv-00478 - BO.  (Myers Ex 1).

**2. Applicable Law**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and the litigants.  This power calls for the exercise of judgment, which must weigh competing interests and maintain an even balance between those interests. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).   If there is even a "fair possibility" that a stay will cause damage to someone else, *Landis* requires that the moving party clearly demonstrate hardship or inequity if it is required to go forward. *Wilson v. City of Malvern*, 2007 WL 2750685( W.D. Ark. 2007).

**3. Discussion**

Myers seeks a stay of the instant proceedings because GP is a Plaintiff in a similar action in the United States District Court for the Eastern District of North Carolina. *See Georgia-Pacific Consumer Products, LP v. Von Drehle Corporation, et al*, 5:05-cv-00478 - BO.  In the North Carolina action, GP seeks to have Von Drehle, and those in privity with Von Drehle, enjoined and restrained from manufacturing, selling or distributing products for use in GP leased paper towel machines.  The paper towel in issue is the same paper towel involved in this case, namely the 810-B paper towel rolls manufactured by Von Drehle.

Although there are similarities in this action and the North Carolina action, the lawsuits do not involve the same parties.  There are also different causes of action in the instant case and the

North Carolina action.  In the instant action, GP asserts claims against Myers which give rise to independent liability under Arkansas law, which are not present in the North Carolina cause.  These include conversion, tortuous interference with contractual and business relationships, and violation of the Arkansas Deceptive Trade Practices Act.  Additionally, the scheduling order in this matter, entered on October 23, 2008, has this set for jury trial on July 6, 2009.  (Doc. No. 16).  Although the North Carolina action has been pending since 2005, there is currently no trial setting.  (Myers Ex. 2).

Further, Myers has not shown a clear case of hardship or inequity in being required to go forward, and as such the Motion for Stay should be denied.

### 4. Conclusion

Based upon counsel's statements at the hearing and Defendant's Post-hearing briefing, the Defendant has withdrawn the Motion to Dismiss, and therefore Defendant's Motion to Dismiss should be denied. Further, based upon the pleadings, arguments of counsel and the testimony at the evidentiary hearing on November 17, 2008, this Court finds Defendant has not met its burden of establishing a clear case of hardship or inequity if it is required to go forward with this matter. Therefore, Defendant has not met its burden of establishing it is entitled to a stay of these proceedings.  Accordingly, the undersigned recommends Plaintiff's Motion to Dismiss For Failure to Join Necessary Party, or In The Alternative Motion to Stay Proceedings (Doc. No. 18) be **DENIED.**

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **7th day of January, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE