IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GEORGIA-PACIFIC CONSUMER PRODUCTS LP                    PLAINTIFF


VS.                              Case No. 08-6086


MYERS SUPPLY, INC.                                        DEFENDANT


**MYERS SUPPLY, INC.'S RESPONSE TO GEORGIA-PACIFIC
CONSUMER PRODUCTS LP'S OBJECTION TO REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

## I.
## INTRODUCTION

This Court referred the Motion for Preliminary Injunction (Doc. No. 3) filed by
Georgia-Pacific Consumer Products LP (hereinafter "Georgia-Pacific") to United States
Magistrate Judge Barry A. Bryant for disposition or recommendation in its Order of
September 22, 2008.  (Doc. No. 5)  Magistrate Bryant conducted an evidentiary hearing
on November 17, 2008, and, at the conclusion of this hearing, requested post-hearing
briefs.   Pursuant to the Court's request, Georgia-Pacific filed its post hearing
memorandum in support of its motion on November 24, 2008 (Doc. No. 30), and Myers
Supply filed its post hearing responsive memorandum on December 1, 2008 (Doc No.
33).

Based upon the pleadings, briefing and evidence presented[1], Magistrate Bryant entered his Report and Recommendation on December 29, 2008 (Doc. No. 34)  Based upon his consideration of all matters, Magistrate Bryant correctly recommended that the Motion for Preliminary Injunction be denied finding that Georgia-Pacific failed to meet its evidentiary burden of showing that it suffered from the threat of irreparable harm and the absence of an adequate remedy at law.

Georgia-Pacific filed its Objections to the Report and Recommendation of United States Magistrate Judge on January 9, 2009.  (Doc. No. 36)  For the reasons noted below, Myers Supply submits that the Objections tendered by Georgia-Pacific are nothing more than a re-submission of its failed arguments made to the Magistrate Judge.  There is no double from a review of the well-reasoned findings and recommendation that the Magistrate Judge was familiar with the entire written record in this proceeding, had the benefit of personally presiding over the preliminary injunction hearing, entertained the testimony of the witnesses presented by both parties, and fully considered all arguments of counsel.  Georgia Pacific fails to reference any additional evidence or legal authority to support its contention that the Magistrate Judge's determination is mistaken, it only disagrees with the recommendation made.

The following discussion is based upon the objections submitted by Georgia-Pacific.

---

[1] The transcript of proceedings was filed in this matter on November 20, 2008. (Doc. No. 29)

## II.

## THE MAGISTRATE CORRECTLY DETERMINED THAT THE ACTIONS OF MYERS SUPPLY DO NOT RESULT IN A TENDENCY TO DECEIVE AND THERE IS NO THREAT OF IRREPARABLE HARM.

Initially, Georgia-Pacific does not argue that the Magistrate Judge applied erroneous standards in reviewing its Motion under Fed. R. Civ. P. 65, and applicable case law.  As noted in his Report and Recommendation, in considering the four factors of Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981), the burden is squarely upon Georgia-Pacific to show the threat of irreparable harm.  Adam-Mellang v. Apartment Search, 96 F.3rd 297, 300 (8th Cir. 1996)  Absent such proof, there is no basis for the grant of injunctive relief.  Bacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959)

Georgia-Pacific first contends that the Magistrate Judge erred by "ignoring the restroom patrons who actually use the paper toweling."  (Objection, page 5.)  Aside from the fact that Georgia-Pacific did not introduce evidence from even one customer, paper towel dispenser user, restroom patron, or member of the general public claiming any confusion, it again exhibits its misunderstanding of applicable law.

Georgia-Pacific relies upon a line of cases where the seller of inferior goods intentional sold its product in a falsely labeled container at the point of sale.  [Plaintiff's Post-Hearing Brief, P.5-6]  The Magistrate Judge correctly addressed Georgia-Pacific's position as follows:

However, the facts presented in the instant case is not similar to any of the cases cited by GP.  Here, Myers, the party GP has brought suit against, is not attempting to sell "non-genuine" GP paper towel rolls as "genuine" GP paper towels.  GP does not allege this to be the case.  In fact the uncontroverted evidence presented at the hearing established that the paper towel rolls sold by Myers and manufactured by Von Drehle clearly contain only Von Drehle markings.  (Myers Ex. 4-6)  Essentially GP argues Myers is encouraging the end users to use Von Drehle 810-B paper towel rolls in GP's "en-Motion" dispensers, this is a far different scenario than selling fake Coke in a legitimate Coke can.  (Report and Recommendation, page 5)

The evidence presented to the Magistrate Judge clearly demonstrated the marked distinction in the 10" paper towel manufactured and sold by Georgia-Pacific and the 10" paper towel manufactured by Von Drehle, and sold by Myers Supply.  As the Magistrate Judge concluded, the proper test to apply in this case centers upon whether the consumer, the actual purchaser of the paper towel, is confused.  It is this consumer who makes the decision on what paper product to purchase, and the brand of paper towel to dispense in his bathroom facility.  Once this decision is made, the paper towel is then provided by the consumer to the bathroom patron, at no charge, and as a matter of convenience.

The Magistrate Judge also rejected Georgia-Pacific's reliance upon the decision in Rotoworks International Limited v. Grassworks USA, LLC, 504 F. Supp. 2d 453 (W.D. Ark. 2007), finding that there were no factual similarities with the circumstances presented in this case.  (Report and Recommendation, page 5)  It is well recognized that in Lanham Act cases, the ultimate inquiry always turns on whether, considering all the circumstances, a likelihood exists that the consumer will be confused about the source of

the allegedly infringing product.  <u>Hubbard Feeds, Inc. v. Animal Feed Supp., Inc.</u>, 182

F.3d 598, 602 (8th Cir. 1999).  Based upon the evidence, the Magistrate Judge concluded:

> In the instant case, there is no evidence showing a tendency to deceive or evidence of confusion to end users by Myers.  Merely selling the 810-B paper towel rolls manufacturer by Von Drehle to end users is not evidence of a tendency to deceive.  As previously mentioned, the paper towels manufactured by Von Drehle clearly contain only Von Drehle markings.  (Myers Ex. 4-6).  Incidentally, a case of the Von Drehel paper towels costs less than those manufacturer by GP.  (Tr. Pg. 121, L. 9-11).  (Report and Recommendation, pages 5-6)

There is absolutely no evidence in this case of mis-branding, counterfeiting, or

alteration of a trademarked product.  The Magistrate Judge was correct in his findings

and conclusions that Georgia-Pacific failed to demonstrate that Myers Supply had taken

any action which could be construed as a tendency to deceive, or any other facts to show

the likelihood of irreparable harm to Georgia-Pacific.

### III.

### THE MAGISTRATE CORRECTLY DETERMINED THAT GEORGIA-PACIFIC HAS AN ADEQUATE REMEDY AT LAW

The Magistrate Judge also followed established law in finding that Georgia-Pacific

has the burden of establishing that it has no adequate remedy at law.  <u>Adam-Mellang v.</u>

<u>Apartment Search</u>, 96 F.3d 297, 399 (8th Cir. 1996)  In finding that Georgia-Pacific failed

to meet its burden, the Magistrate Judge stated:

> At the evidentiary hearing, Ryan Myers, one of the owners of Defendant Myers, testified as to the number of the Von Drehle 810-B paper towels cases Myers had actually sold.  Tr. Pg.118, L. 19-24).  If Myers has any liability for its actions, any loss associated with the sale of Von Drehel paper towels to an end user with an "enMotion" machine could easily be

calculated.  Further, Plaintiff clearly has an adequate legal remedy, namely a breach of contract action against those end users who have leased the "enMotion" machines and have violated the terms of the lease through use of "non-genuine" GP paper towels.  (Report and Recommendations, page 6)

When there is an adequate remedy at law, a preliminary injunction is not appropriate.  Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989); Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1996).  The Magistrate Judge recognized two legal remedies available to Georgia-Pacific.  First, even if liability were established, the mathematics involved in determining damages against Myers Supply are quite simple.  Georgia-Pacific offers no argument to establish the inadequacy of damages, or the inability to calculate same.  Second, during the course of this case, Georgia-Pacific has placed great reliance upon the end-user agreements that it claims exist with its customers[2].  As the Magistrate Judge found, nothing would preclude Georgia-Pacific from pursuing its legal remedies against the party that it alleges in this case actually breached the lease agreement, its own customers.  The fact that Georgia-Pacific failed to sue the proper party should not be the basis of injunctive relief.

**IV.**

**THE MAGISTRATE CORRECTLY FOUND THAT THE ACTIONS OF MYERS SUPPLY DID NOT COMPROMISE GEORGIA-PACIFIC'S RIGHT TO CONTROL PRODUCTS USED IN ITS "ENMOTION" DISPENSERS**

The Magistrate Judge correctly concluded that the evidence did not establish that the actions of Myers Supply deprived Georgia-Pacific of any trademark protection

---

[2] It should be noted that at the evidentiary hearing, Georgia-Pacific failed to present evidence of the existence of any such lease agreements as discussed in more detail in the Post Hearing Memorandum submitted by Myers Supply, at page 12-16 (Doc. 33)

claimed for its "enMotion" paper towel dispenser.  The evidence outlined in the Report and Recommendation, at page 4, support this conclusion.  As noted, Georgia-Pacific does not claim that the 810-B paper towel roll violates any of its registered trademarks nor that the roll is entitled to patent protection.  (Tr. Pg. 12, L. 24).  Georgia Pacific does not claim exclusive rights to manufacture and sell a 10" paper towel roll, and has no objection to Myers Supply's sale of a 10" paper towel roll.  (Tr. Pg. 56, L. 6-21, Tr. Pg. 62, L. 19-25).

The evidence also demonstrated that Georgia-Pacific is fully aware that 10" wide paper manufactured by other companies will dispense out of its enMotion dispenser. They have tested both the Von Drehle 10" paper towel, and others, and did not find evidence that it jammed the dispenser.  [Transcript, P.40-41,59]  It fact, these paper towel products dispensed as intended.  There also was no evidence of customer complaints, or dispensing problems.  [Transcript, P.66, L.20-25]

More importantly, if Georgia Pacific has in place the dispenser lease program it represented to the Magistrate Judge existed at the evidentiary hearing, Georgia Pacific has the absolute right to control its dispenser, by regaining possession of those dispensers which it contends are operated in violation of such agreements.  The Magistrate Judge found that "[t]he evidence at the hearing indicated that GP can remove its "enMotion" machines from distributors and end users who refuse to use GP paper towel rolls in the machines.  (Tr. Pg. 47, L.15 – Pg. 48, L.6)

# V.

## CONCLUSION

For the reasons cited above, pursuant to 28 U.S.C.§636(b)(1), and Local Rule 72.1, this Court should affirm the Magistrate Judge's Report and Recommendation filed on December 29, 2008, and enter an appropriate Order dismissing the Motion for Preliminary Injunction filed by Georgia Pacific.

Respectfully submitted,

Stephen L. Curry (#81041)
Attorney at Law
308 Smokey Lane
North Little Rock, AR  72117
Tel:  (501) 658-5488
Fax:  (501) 945-0370
E-mail:  scurry@aristotle.net

# C E R T I F I C A T E   O F   S E R V I C E

I hereby certify that on January 19, 2009, a copy of the foregoing was filed and

served through the Court's CM/ECF system, upon the following attorney for Plaintiff

Georgia-Pacific Consumer Product LP:

Samuel E. Ledbetter          e-mail:  sam@mcmathlaw.com
McMath Woods P.A.
711 West Third Street
Little Rock, AR  72201

W. Kyle Carpenter          e-mail:  kcarpenter@wmbac.com
Woolf, McClane, Bright,
  Allen & Carpenter, PLLC
P.O. Box 900
Knoxville, Tennessee 37901-0900

_____

9