IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCT LP
                                                    PLAINTIFF

    v.                  Case No: 6:08-cv-6086

MYERS SUPPLY, INC.
                                                    DEFENDANT

**O R D E R**

Before the Court are Defendant Myers Supply's Motion for Attorney's Fees and Costs (Doc. 92) and Plaintiff Georgia-Pacific's Response (Doc. 93). For the reasons reflected below, Myers' Motion is **GRANTED IN PART AND DENIED IN PART**.

**I. Attorney's Fees**

The Lanham Act allows the Court to award reasonable attorney's fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). "When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant." *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996). When there is some evidence in the record to support the claims of the non-prevailing party, the case is not exceptional. *Id.* The Eighth Circuit also describes an exceptional case as when "one party's behavior went beyond the pale of acceptable conduct." *Aromatique, Inc. v. Gold Seal,*

*Inc.*, 28 F.3d 863, 877 (8th Cir. 1994).

In support of its contention that this case is exceptional, Myers claims that Georgia-Pacific misrepresented its federally registered trademarks, Georgia-Pacific's sublease program was illusory, Georgia-Pacific concealed its own dispenser stuffing, Georgia-Pacific never considered enMotion dispensers as "containers," Georgia-Pacific engaged in an intentional course of oppressive distributor litigation, and that Georgia-Pacific submitted the affidavit of Dr. Eli Seggev in bad faith. The Court rejects these contentions as unsupported. This case is neither groundless, unreasonable, vexatious nor pursued in bad faith. There were genuine issues of material fact that required resolution by trial. This is not an exceptional case, and Myers cannot recover attorney's fees under the Lanham Act.

Myers also seeks attorney's fees based on Georgia-Pacific's tortious interference claims. Under Arkansas law, attorney's fees are not allowed except where expressly provided for by statute. *Harris v. City of Fort Smith*, 366 Ark. 277, 280, 234 S.W.3d 875, 878 (2006). Myers contends that Ark. Code Ann. § 16-22-308 provides for attorney's fees in tortious interference cases. That provision provides for reasonable attorney's fees in contract cases, but not in tort cases. *Mercedes-Benz Credit Corp. v. Morgan*, 312 Ark. 225, 231 , 850 S.W.2d 297, 301 (1993). Since tortious interference claims are tortious, Myers cannot

recover attorney's fees on Georgia-Pacific's tortious interference claims.

Finally, Myers contends that it is entitled to attorney's fees because of Georgia-Pacific's claim under the Deceptive Trade Practices Act. Ark. Code Ann. § 4-88-113(f). The statutory provisions states that "Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees." *Id.* In this case, there is no offense or violation of the Deceptive Trade Practices Act, and Georgia-Pacific conceded that its claim was moot at the summary judgment hearing. Myers cannot recover attorney's fees under the Deceptive Trade Practices Act.

**II. Costs**

Myers Supply, the prevailing party, submitted a Bill of Costs totaling $7,652.88. Myers' costs are split between $4,672.82 under 28 U.S.C. § 1920(2) and $2980.06 under 28 U.S.C. § 1920(3). Georgia-Pacific objects to three items in Myers Bill of Costs: the cost of the transcript from the November 17, 2008 preliminary injunction hearing, cost of the trial transcript, and service of process on Andy Anderson. The Court notes that the parties submitted briefs following both the hearing and the trial that included citations to the record of the prior proceeding. As such, transcripts of the proceeding were

necessary for the preparation of the briefs, were necessarily obtained for the case, and are thus taxable as costs. However, the Eighth Circuit has stated that the costs of a special process server are not taxable, and the Court disallows $45 for service of subpoena. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).

In addition to Georgia-Pacific's objections, the Court finds some of the witness expenses for Dr. Ken Hollander to be excessive. Myers seeks $535.65 for three nights lodging for Hollander. The Court finds this amount unreasonable, but considers the GSA per diem level of $88 per night in Little Rock and $98 per night in Hot Springs to be a reasonable amount. Therefore $261.65 of Dr. Hollander's overnight accommodation costs are disallowed. Next, the Court notes that Dr. Hollander flew first class from Dallas to Sacramento. Witnesses must utilize common carriers at the most economical rate reasonably available. 28 U.S.C. § 1821(c)(1). First class travel is not consistent with the most economical rate, and the Court disallows 30%, or $426.12, of Hollander's airfare expenses.

**III Conclusion**

Myers' Motion for Costs and Attorney's Fees is **GRANTED IN PART AND DENIED IN PART**. The Court disallows $732.77 of Myers' Bill of Costs and awards Myers Supply costs of $6920.11.

IT IS SO ORDERED this 19th day of August, 2009.

<pre>
                              /s/ Robert T. Dawson
                              Robert T. Dawson
                              United States District Judge
</pre>

AO72A
(Rev. 8/82)